# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

**SYLVESTER O. BARBEE**  **PLAINTIFF**
**ADC #131311**

V.  NO. 5:13CV00225-JLH-BD

**ANGELIKA SMARJESSE, et al.**  **DEFENDANTS**

## PARTIAL RECOMMENDED DISPOSITION

**I.  Procedures for Filing Objections:**

This Partial Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**II. Discussion:**

Plaintiff Sylvester O. Barbee, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit pro se under 42. U.S.C. § 1983. (Docket entry #2) Mr. Barbee alleges that Defendants Smarjesse and Weekly acted with deliberate indifference to his safety by failing to ensure sanitary food preparation, and that Defendant Austin acted with deliberate indifference to his medical needs after he contracted salmonella. Mr. Barbee has now moved for summary judgment on these claims. (#37) Defendants have responded to Mr. Barbee's motion, and Mr. Barbee has replied to the response. (#41, #43, #44) The Court recommends that Mr. Barbee's motion for summary judgment (#37) be DENIED.

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any material fact. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). The moving party bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). If the moving party meets this burden, the nonmoving party must respond by coming

forward with specific facts establishing a genuine dispute for trial. *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). Only when the nonmoving party cannot come forward with enough evidence to establish a necessary element of the case is the moving party entitled to judgment as a matter of law. *Celotex Corp.,* 447 U.S. at 322–23, 106 S.Ct. at 2552.

Here, Mr. Barbee has not provided any evidence to support judgment as a matter of law in his favor. Although he provides a few excerpts from discovery responses that he has received from Defendants Smarjesse and Weekly, he has failed to establish that the material facts are undisputed. Mr. Barbee's self-serving conclusory statements cannot support a finding in his favor at this time. Moreover, because the parties have not had an opportunity to complete discovery, Mr. Barbee's motion is premature.

### III. Conclusion:

The Court recommends that Mr. Barbee's motion for summary judgment (#37) be DENIED, dated this 14th day of January, 2014.

_____
UNITED STATES MAGISTRATE JUDGE