# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**SYLVESTER O. BARBEE**                                                           **PLAINTIFF**
**ADC #131311**

**V.**                               **NO. 5:13CV00225-JLH-BD**

**ANGELIKA SMARJESSE, et al.**                                        **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.      Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes.  Mr. Barbee - or any party - may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.  A copy will be furnished to the opposing party.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.     Background:

Plaintiff Sylvester O. Barbee, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit pro se under 42. U.S.C. § 1983.  (Docket entry #2)  In his complaint, Mr. Barbee claims that Defendants Smarjesse and Weekly acted with deliberate indifference to his safety by failing to ensure sanitary food preparation, and that Defendant Austin acted with deliberate indifference to his medical needs after he contracted salmonella.

All Defendants have moved for summary judgment on Mr. Barbee's claims against them.  (#54, #57)  Mr. Barbee has responded to the motions, and Defendants Smarjesse and Weekly have replied.  (#61, #62)

Based on the evidence presented, the Court recommends that the motions for summary judgment (#54, #57) be GRANTED.  Mr. Barbee's claims should be DISMISSED, without prejudice, because he did not exhaust his administrative remedies against these Defendants, as required by federal law.

**III.    Discussion:**

A.    Standard

Summary judgment is appropriate when the evidence, viewed in the light most

favorable to the nonmoving party, presents no genuine dispute as to any material fact.

FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986);

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986).  A moving

party must first present evidence that there is no genuine dispute of material fact.  *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986).  If the moving party

meets this burden, the nonmoving party must come forward with evidence showing that

there is a genuine dispute that must be decided at a trial.  *Torgerson v. City of Rochester*,

643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).  If a plaintiff does not submit enough

proof to establish a necessary element of a claim, the moving party is entitled to judgment

on that claim.  *Celotex Corp.*, 447 U.S. at 322-23, 106 S.Ct. at 2552.

B.    Exhaustion

Defendants contend that Mr. Barbee failed to fully exhaust a grievance against any

one of them and that his claims, therefore, must be dismissed.  It is settled law that

prisoners must exhaust all "available" remedies before filing suit under 42 U.S.C. § 1983.

42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819 (2001)

(holding that available remedies "must be exhausted before a complaint under

§ 1983 may be entertained").

For purposes of § 1983, an "available remedy" is one that is "capable of use for the accomplishment of a purpose; immediately utilizable [and] accessible." *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001). If a claim is not fully exhausted by the time a lawsuit is filed, the Court must dismiss it. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). The prison's procuedures, rather than the Prison Litigation Reform Act, sets the rules for exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). ADC Administrative Directive 12-16 expressly provides:

> Grievances must specifically name each individual involved for a proper investigation and response to be completed by ADC. Inmates must fully exhaust the grievance prior to filing a lawsuit. Inmates who fail to name all parties during the grievance process may have their lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties.

(#54-2 at pp.4-5; 58-1 at pp.4-5)

Here, it is undisputed that Mr. Barbee exhausted only one grievance regarding the facts at issue in this lawsuit, that is, grievance CU-12-02823. (#54-3 at p.1; #58-2 at p.1) In that grievance, Mr. Barbee complained that he had suffered from consistent diarrhea, dehydration, periodic headaches, night sweats, and lack of sleep. *Id*. He apparently was informed that he had contracted salmonella and that contaminated meat was the source of the outbreak. *Id*. Mr. Barbee did not identify any of the named Defendants in grievance CU-12-02823.

In his deposition testimony, Mr. Barbee stated that he had sued Defendants Weekly, Smarjesse, and Barbee because of their positions within the ADC. Specifically,

Mr. Barbee conceded that his claims against Defendant Weekly were based on her position as safety and sanitation officer at the Cummins Unit of the ADC.  (#54-1 at pp.33-35)  He based his claims against Defendant Smarjesse on the fact that Ms. Weekly was involved in food preparation in the kitchen at the Cummins Unit.  (#54-1 at p.37) Finally, he based claims against Defendant Austin on her position as the "authority figure of the infirmary."  (#58-4 at p.29)

Because Mr. Barbee failed to identify any of the named Defendants in his one fully exhausted grievance, ADC officials never had the opportunity to investigate or evaluate each Defendant's conduct.  Furthermore, in his fully exhausted grievance, Mr. Barbee's primary complaint appears to be the lack of medical treatment that he was provided.  He did not allege, however, that he was specifically denied treatment by Defendant Austin, or any of the other named Defendants.  Moreover, in the grievance at issue, Mr. Barbee did not explain how any of these Defendants was responsible for any injury that he sustained.

Mr. Barbee has not come forward with any evidence showing that he was prevented from fully exhausting his claims against these Defendants.  Accordingly, there is no genuine dispute regarding exhaustion as to the named Defendants.  Because Mr. Barbee did not name the Defendants in his grievance papers, he did not properly exhaust his claims against them.  See *Jones v. Hobbs*, No. 12–2002 (8th Cir. Jan. 22, 2013) (per curiam) (finding that inmate failed to exhaust his administrative remedies against two

ADC employees because he did not name either in his grievance papers, as required by the grievance policy of the ADC).

## IV.  Conclusion:

The Court recommends that the Defendants' motions (#54, #57) be GRANTED, and that Mr. Barbee's claims be DISMISSED, without prejudice.

DATED this 30th day of May, 2014.

_____
UNITED STATES MAGISTRATE JUDGE